**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-239 |
| | § | C.A. No. C-08-10 |
| PEDRO CASTRO-SALAZAR, | § | |
| Defendant/Movant. | § | |

**ORDER SETTING HEARING AND APPOINTING COUNSEL**

Pending before the Court is Pedro Castro-Salazar's ("Castro") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 33.)[1] Also before the Court is the government's response, which moves for the dismissal of Castro's motion. (D.E. 35, 36.) On April 18, 2008, Castro filed a reply (D.E. 37), which the Court has also considered.

For the reasons set forth below, the Court will hold a hearing on Castro's motion. Additionally, the Court appoints counsel to represent Castro at the hearing.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II. BACKGROUND**

**A.     Convictions and Sentences Challenged**

There are actually two cases listed on Castro's motion. First, he cites to Cr. C-06-248M, which appears to be a reference to his initial criminal proceedings before United States Magistrate Judge B. Janice Ellington in 2:06-mj-248, which were later merged into Cr. C-06-239. All pertinent docket entries from 2:06-mj-248 are also contained in 2:06-cr-239. Second, it appears that the Clerk

---

[1] Unless otherwise noted, docket entry references are to the criminal case, Cr. No. C-06-239.

added the additional criminal case Cr. C06-239 (1), and also assigned Castro's § 2255 motion a civil case number, Cr. C-08-cv-110.

Although he does not reference it by number, Castro's motion might also be construed as challenging his sentence of revocation in Cr. B-03-421, which was imposed the same day as his sentence in Cr. C-06-239. That is, his primary contention is that he claims his sentences in the two cases should run concurrently, not consecutively. To the extent he is attempting to challenge his sentence in Cr. B-03-cr-421, however, he has not complied with the rule that a "moving party who seeks relief from more than one judgment must file a separate motion covering each judgment." Rule 2(d), RULES GOVERNING § 2255 PROCEEDINGS. Moreover, because he did not appeal the judgment of revocation, his conviction in that case became final more than one year before he filed his § 2255 motion. Accordingly, even if his motion were construed as challenging the judgment of revocation in the Brownsville case, it would likely be barred by the applicable statute of limitations. For these reasons, the Court declines to construe Castro's motion as challenging his revocation sentence in Cr. No. B-03cr421.

**B.**     **Facts of the Offense in Cr. C-06-239[2]**

On April 3, 2006, officers with the Live Oak County Sheriff's Department conducted a traffic stop on Highway 281 in George West, Texas. The stopped vehicle was driven by Andres Gutierrez-Salinas, who was accompanied by Castro and two other individuals. Gutierrez-Salinas is Castro's uncle. U.S. Border Patrol agents were dispatched to the scene to conduct an immigration inspection of the occupants. Castro-Salazar advised agents that he illegally entered the United States by wading across the Rio Grande River near Brownsville, Texas on March 29, 2006. A criminal

---

[2] These facts are taken from Castro's Presentence Investigation Report at ¶ 4.

2

record check revealed that Castro was previously convicted of an aggravated felony, possession of a controlled substance, and subsequently deported. Castro was also convicted of an additional aggravated felony in Case No. 1:03-cr-421 on August 25, 2003 (illegal reentry after having been previously convicted of an aggravated felony) and was deported on April 11, 2005. Additionally, on February 12, 2006, Castro was arrested in Gretna, Louisiana for aggravated battery and simple criminal damage and was again deported on March 7, 2006. Castro did not obtain permission to re-enter the United States as required by law.

**C.    Criminal Proceedings**

**1.    Cr. No. C-06-239**

On April 12, 2006, Castro was charged in a single-count indictment with illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (Cr. No. C-06-239, D.E. 7.) On May 15, 2006, Castro pleaded guilty to the indictment, without the benefit of a plea agreement. (D.E. 12; PSR at ¶ 7.)

Pursuant to the Court's instructions, the probation department prepared a PSR. (D.E. 13, 15.) The PSR calculated Castro's base offense level at 8, but increased the level by an additional 8 levels based on his previous convictions for two aggravated felonies. (PSR at ¶¶ 9-10.) The PSR also recommended a three-level reduction for acceptance of responsibility, resulting in a total offense level of 13. Coupled with Castro's criminal history category of VI, the resulting guideline range was 33 to 41 months. (PSR at ¶ 45.) The Court sentenced him to 41 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release. (D.E. 19, 21.) Judgment was entered against him on August 28, 2006. (D.E. 21.)

Castro timely appealed.  On appeal, the Fifth Circuit concluded that the issues raised by Castro were foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998) and thus affirmed in a per curiam opinion issued February 7, 2007.  (D.E. 30.)  Castro filed a petition for writ of certiorari, which the Supreme Court denied on March 26, 2007.

**2.      Cr. No. B-03-421(1)**

At the time he committed the instant offense, Castro was also subject to an undischarged supervised release term in Cr. No. B-03-421, arising in the Brownsville division of the Southern District of Texas. On March 28, 2006, a Petition for Warrant or Summons for offender under Supervision was filed alleging four criminal violations committed by the defendant in Jefferson Parish, Louisiana on February 12, 2006.  (Cr. No. B-03-421, D.E. 17.)  On May 9, 2006, a superseding petition was filed that added the illegal re-entry allegation charged in Cr. No. C-06-239. (Cr. No. B-03-421, D.E. 20.)  The revocation proceedings were transferred to this division.  (Cr. No. B-03-421, D.E. 21.)  Immediately after sentencing in Cr. No. C-06-239, the Court conducted the revocation hearing, and sentenced Castro to 24 months in the custody of the Bureau of Prisons, to run consecutive to his sentence in Cr. No. C-06-239. (Cr. No. B-03-421, D.E. 23, 25.)  As previously noted, Castro did not appeal the judgment of revocation.

**III.  MOVANT'S ALLEGATIONS**

Although Castro utilized § 2255 forms for filing his motion, he explicitly states that he is not making a "collateral attack" but instead is simply asking for "just some relief on sentencing."  (D.E. 33 at 5.)  In support of his sole ground for relief he states: "Based on my double sentence I did receive according to my lawyer.  I have to serve more time after I finish 41 months 24 months in the future."  (<u>Id.</u>)  Later, he explains that all he asks for the Court is "a relief on sentencing due that my

4

case was treated wrongfully been sentencing twice in double sentencing I believe there is my case re-entry" [sic]. (D.E. 33 at 6.)  He later explains several times that he believes his two sentences should run concurrently, not consecutively. (D.E. 33 at 7.)

The government has moved for dismissal on the grounds that his claim is procedurally barred and also raises improper § 2255 claims.  The government further argues that, even if Castro's claims were properly before the Court, he is not entitled to relief.  (See generally D.E. 35, 36.)

In his response to the government's motion to dismiss, Castro elaborates on his arguments that his sentence constitutes a double punishment. (D.E. 37.)  Specifically, he argues, in reliance on Lopez v. Gonzalez, 549 U.S. 47 (2006), that his prior controlled substance offense that resulted in an 8-level increase in his offense level is a "simple possession offense" and was improperly used to increase his sentence.  He argues that Lopez, decided several months after he was sentenced in the instant case, makes "clear" that his prior possession offense should have only been treated as a misdemeanor.  (D.E. 37 at 2.)  It is not clear from his motion, but he may also be arguing that his first illegal reentry conviction likewise should not be considered an "aggravated felony."  That is, he could be arguing that his first illegal re-entry conviction was considered "aggravated" only because his earlier simple possession charge was an ""aggravated felony" under the law at that time, but under Lopez, it would not be.  Castro thus could be arguing that neither offense could support the 8-level increase in his offense level in the instant case.

He also appears to be arguing that the Court incorrectly calculated his sentence because it also used the "simple possession" charge when calculating his criminal history.  He claims that this constituted "impermissible double counting" and violates his "Fifth Amendment protection against

double jeopardy."  (D.E. 37 at 4.)  He further contends that his counsel was ineffective for failing to raise these challenges. (D.E. 37 at 4.)

## IV.  DISCUSSION

The government has not yet had an opportunity to respond in writing to Castro's arguments based on <u>Lopez</u>.  Moreover, the Court finds some merit in the argument that Castro's appellate attorney may have been deficient for failing to raise a challenge to the 8-level increase based on <u>Lopez</u>.

That is, Castro's offense level was increased by 8 levels based on his having a prior aggravated felony.  (<u>See</u> PSR at ¶ 10.)  Actually, Castro had two felonies that qualified, under Fifth Circuit jurisprudence at the time of sentencing, as aggravated felonies.  The first was his prior illegal reentry after an aggravated felony charge (arising out of the Brownsville division). In the Brownsville case, the earlier referenced "aggravated felony"  charge was his 2002 conviction for simple possession of 35 grams of cocaine.  The second "aggravated felony" supporting the 8-level increase in the instant case was the same 2002 conviction for simple possession.

Shortly after sentencing, but before the Fifth Circuit affirmed Castro's conviction and sentence, the Supreme Court decided a case, <u>Lopez v. Gonzales</u>, 549 U.S. 47 (2006), that changed the landscape on this issue.  The Fifth Circuit later interpreted <u>Lopez</u> in <u>United States v. Estrada-Mendoza</u>, 475 F.3d 258 (2007).   After <u>Lopez</u> and <u>Estrada-Mendoza</u>, the simple possession charge would no longer result in an 8-level increase for an aggravated felony, but only in a 4-level increase for "any other felony."  Although defense counsel raised this precise objection at sentencing, noting that it was foreclosed at that time, it does not appear that Castro's appellate counsel raised it on appeal.  Notably, both <u>Lopez</u> and <u>Estrada-Mendoza</u> were decided after the entry of judgment in this

case and before the Fifth Circuit's decision in this case.  Thus, had counsel raised it, there is at least an argument that the result of the appeal may have been different.

In light of the foregoing background, the Court will hold a hearing in this case to address Castro's claims.  What is of particular interest to the Court is the fact that, if <u>Lopez</u> had been decided prior to Castro's first illegal re-entry conviction in 2003, then it appears that neither his simple possession offense or his prior illegal reentry would have qualified as an "aggravated felony" in the instant case.  Accordingly, the parties shall be prepared to address the effect of <u>Lopez</u> on Castro's case, including whether <u>Lopez</u> can be applied retroactively on collateral review and whether Castro's earlier conviction and sentence for illegal reentry can be challenged through his instant § 2255 motion.  The parties shall also be prepared to address whether Castro's appellate attorney was ineffective for failing to raise a <u>Lopez</u> challenge on direct appeal.

### V.  CONCLUSION

For the aforementioned reasons, the Court will hold a hearing in this case at **10:00 a.m. on Thursday, December 18, 2008**.  The Court finds that the appointment of counsel to represent Castro at the hearing is warranted.  <u>See</u> Rule 8(c), RULES GOVERNING § 2255 PROCEEDINGS. Accordingly,  Joseph Ronald Barroso, 5350 S. Staples, Suite 401, Corpus Christi, TX 78411 (361) 994-7200, is hereby appointed to represent Castro at the hearing.  If either the defendant or the government wants to file any pre-hearing briefs on the issues outlined herein, such briefs shall be filed not later than ten days before the hearing.

It is so ORDERED this 2nd day of October, 2008.

_____
Janis Graham Jack
United States District Judge